SUMMARY ORDER

Petitioner Chuan Zhi Wang, a native and citizen of the People’s Republic of China, seeks review of the January 30, 2009 order of the BIA affirming the November 1, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In re Chuan Zhi Wang, No. A099 538 159 (B.I.A. Jan. 30, 2009), aff'g No. A099 538 159 (Immig. Ct. N.Y. City Nov. 1, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed *636 fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency’s adverse credibility finding is supported by substantial evidence. Because Wang’s application was filed after May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act apply.
The IJ noted inconsistencies in Wang’s testimony concerning the circumstances surrounding his arrival in the United States. Further, IJ reasonably found that, despite claiming persecution on account of his practice of Catholicism, Wang failed to exhibit even a basic understanding of this religion, and did not corroborate his claim that he had attended Catholic mass subsequent to his arrival in the United States. Indeed, despite claiming that he went to mass weekly, that he had been doing so since his youth, and that he had been arrested in China for reciting Bible stories, Wang could not recall any portion of a recent sermon, nor could he identify any story from the Bible. Accordingly, although we have held that “a certain degree of doctrinal knowledge is [not] necessary ... to be eligible for asylum on grounds of religious persecution,” in these circumstances, it was not improper for the IJ to find Wang not credible based on his ignorance of even the most basic aspects of his religion. Rizal v. Gonzales, 442 F.3d 84, 91 (2d Cir.2006) (citing Zhen Li Iao v. Gonzales, 400 F.3d 530, 533 (7th Cir.2005) (holding that a purported Christian who did not know, for example, who Jesus Christ was would be “instantly suspect”)).
Because substantial evidence supports the agency’s adverse credibility determination, it did not err in denying Wang’s applications for asylum and withholding of removal because both claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006). Moreover, although Wang argues that the agency erred by denying his claim for CAT relief based on his illegal departure from China, the agency correctly found that Wang failed to demonstrate that it was more likely than not he would be tortured if returned to that country. It is well-settled that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China,” see Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005), and Wang failed to present any particularized evidence demonstrating that it was more likely than not he would be tortured if returned to China, see id. (citing Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 144 n. 21 (2d Cir.2003)).
Finally, Wang’s allegation that the IJ was biased against him is unfounded. The instances Wang cites in support of this argument concern statements made by his own attorney, not the IJ. Cf. Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir.2008) (“[W]hen the IJ’s conduct results in the appearance of bias or hostility such that we cannot conduct a meaningful review of the decision below, we remand.”); accord Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).